## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JOHN CARLTON,**

     **Plaintiff,**

**v.**                                    **Case No:**

**USI SOLUTIONS, INC.,**
**and AACANET, INC.,**

                                       **DEMAND FOR JURY TRIAL**

     **Defendants.**

_____/

### PLAINTIFF'S COMPLAINT
### WITH INJUNCTIVE RELIEF SOUGHT

**COMES NOW**, Plaintiff, **JOHN CARLTON** ("Mr. Carlton" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant**s, USI SOLUTIONS, INC.** ("Debt Collector") and **AACANET, INC.** ("Debt Owner") (collectively "Defendants"), and in support thereof states as follows:

### *Introduction*

1.     This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendants' violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), by using an automatic telephone dialing system, automated voice, or prerecorded message to call Mr. Carlton's Cellular Telephone without Mr. Carlton's prior express consent; by sending Mr. Carlton

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Carlton v. USI Solutions, Inc. and AACANET, Inc.*
Page **1** of 21

collection letters that would mislead the least sophisticated consumer into taking action that would serve to restart the statute of limitations by failing to disclose that any payment of the debt will restart the applicable statute of limitations in its collection letters; and by failing to disclose that any payment of the debt will restart the applicable statute of limitations in its calls to Mr. Carlton's Cellular Telephone, which can all reasonably be expected to harass Mr. Carlton.

### *Jurisdiction and Venue*

2.     This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the FDCPA pursuant to 28 U.S.C. § 1331.

3.     Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

4.     Plaintiff, Mr. Carlton, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5.     Mr. Carlton is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 813-***-1493 ("Mr. Carlton's Cellular Telephone").

6.     At all times material hereto, Debt Collector was and is a foreign profit corporation with its principle place of business in the State of Pennsylvania and its

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Carlton v. USI Solutions, Inc. and AACANET, Inc.*
Page **2** of 21

registered agent, CORPORATION SERVICE COMPANY, located at 1201 Hays Street, Tallahassee, Florida, 32301.

7.      Further, at all times material hereto, Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7).

8.      At all times material hereto, Debt Owner was and is a corporation with its principle place of business in the State of Ohio and its registered agent, KINGSON SERVICES, INC., located at 2753 Northwest Boulevard, Columbus, Ohio 43221.

9.      At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Mr. Carlton's alleged debt.

10.      At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Mr. Carlton's alleged debt for Debt Owner.

11.      As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

12.      Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Mr. Carlton's information.

13.      Under information and belief, Debt Owner allowed Debt Collector to enter Mr. Carlton's information into Debt Owner's sales or customer systems.

14.      Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Carlton v. USI Solutions, Inc. and AACANET, Inc.*
Page **3** of 21

15.     Under information and belief, Debt Owner approved, wrote, or reviewed a transcript for Debt Collector to use when calling Mr. Carlton's Cellular Telephone.

16.     Under information and belief, Debt Owner approved, wrote, or reviewed a form letter for Debt Collector to use when contacting Mr. Carlton.

17.     Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Mr. Carlton's debt on behalf of Debt Owner.

### *Statements of Fact*

18.     Mr. Carlton financed the purchase of a personal recreational vehicle through Fifth Third Bank, which opened a unique account in Mr. Carlton's name that was assigned an account number that ended in 0573 ("Account").

19.     Sometime thereafter, Mr. Carlton encountered financial difficulties and fell behind on his payments towards the Account, incurring an outstanding balance owed thereunder ("Debt").

20.     Due to his financial difficulties, in or around 2007, Mr. Carlton remitted his last payment towards the Account; Mr. Carlton has remitted no payment towards the Account since that time.

21.     Fifth Third Bank then sold, transferred, or assigned the Account to another company.

22.     At some point down the line, Debt Owner purchased the Account.

23.     Debt Owner assigned the Account to Debt Collector for collection purposes.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Carlton v. USI Solutions, Inc. and AACANET, Inc.*
Page **4** of 21

24.     In October of 2017, ten years after Mr. Carlton's last payment towards the Account, Debt Collector began sending Mr. Carlton letters in attempts to collect the Debt.

25.     Specifically, on October 17, 2018, Debt Collector sent Mr. Carlton a letter that identified the Account; demanded an "Amount Due" of $72,387.93; included a statement that, "This is a request for full payment because you have had ample time to pay your debt. Sometimes we can arrange installment payments but you must contact this office for arrangements;" requested that Mr. Carlton call Debt Collector at 877-201-0618 to remit payment towards the Account; and concluded with "This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose." *See* **Exhibit "A" ("Collection Letter").**

26.     Notably, Debt Collector failed to make any disclosure on its Collection Letter that any payment Mr. Carlton remitted towards the Account would serve to restart the statute of limitations.

27.     During this same time period, Debt Collector began placing calls to Mr. Carlton's Cellular Telephone in attempts to collect the Debt.

28.     Mr. Carlton had never provided Fifth Third Bank, Debt Owner, or Debt Collector with his Cellular Telephone number.

29.     Mr. Carlton spoke with Defendant's representative "Francis Thompson" in January of 2019 and told Defendant that he had retained counsel with respect to the Debt.

30.     In response, Defendant's representative "Francis Thompson" laughed at Mr. Carlton, told him that he was "copping out" by retaining an attorney with respect to the Debt, and was wholly unprofessional during her conversation with Mr. Carlton.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Carlton v. USI Solutions, Inc. and AACANET, Inc.*
Page **5** of 21

31.     During its calls to Mr. Carlton's Cellular Telephone, Defendant failed to disclose that any payment Mr. Carlton remitted towards the Account would serve to restart the statute of limitations.

32.     Defendant has called Mr. Carlton's Cellular Telephone at least twenty (20) times during the time period from October of 2018 to the present date.

33.     Defendant called Mr. Carlton's Cellular Telephone from telephone number 1-877-201-0618.

34.     All of Defendant's calls to Mr. Carlton's Cellular Telephone were placed in an attempt to collect the Debt.

35.     Defendant's Collection Letter was sent to Mr. Carlton in attempt to collect the Debt.

### *Count 1: Violation of the Telephone Consumer Protection Act (as against Debt Collector)*

36.     Mr. Carlton re-alleges paragraphs 1-35 and incorporates the same herein by reference.

37.     The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Carlton v. USI Solutions, Inc. and AACANET, Inc.*
Page **6** of 21

38.     Debt Collector never had Mr. Carlular's prior express to call his Cellular Telephone using an automatic telephone dialing system ("ATDS"), artificial voice, or prerecorded message.

39.     Mr. Carlton never provided Fifth Third Bank, Debt Owner, or Debt Collector with his Cellular Telephone number.

40.     Despite never having Mr. Carlton's prior express consent to call his Cellular Telephone using an ATDS, artificial voice, or prerecorded message, Debt Collector thereafter called Mr. Carlton's Cellular Telephone at least twenty (20) times.

41.     Debt Collector did not place any emergency calls to Mr. Carlton's Cellular Telephone.

42.     Defendant willfully and knowingly placed non-emergency calls to Mr. Carlton's Cellular Telephone.

43.     Mr. Carlton knew that Debt Collector called Mr. Carlton's Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the first few calls from Debt Collector on his cellular telephone before a live representative of Debt Collector came on the line.

44.     Mr. Carlton knew that Debt Collector called Mr. Carlton's Cellular Telephone using a prerecorded voice because Debt Collector left Mr. Carlton at least one voicemail using a prerecorded voice.

45.     Debt Collector used an ATDS when it placed at least one call to Mr. Carlton's Cellular Telephone.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Carlton v. USI Solutions, Inc. and AACANET, Inc.*
Page **7** of 21

46.     Under information and belief, Debt Collector used an ATDS when it placed at least ten calls to Mr. Carlton's Cellular Telephone.

47.     Under information and belief, Debt Collector used an ATDS when it placed at least twenty calls to Mr. Carlton's Cellular Telephone.

48.     Under information and belief, Debt Collector used an ATDS when it placed all calls to Mr. Carlton's Cellular Telephone.

49.     At least one call that Debt Collector placed to Mr. Carlton's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

50.     At least one call that Debt Collector placed to Mr. Carlton's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

51.     At least one call that Debt Collector placed to Mr. Carlton's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

52.     At least one call that Debt Collector placed to Mr. Carlton's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

53.     At least one call that Debt Collector placed to Mr. Carlton's Cellular Telephone was made using a prerecorded voice.

54.     Debt Collector has recorded at least one conversation with Mr. Carlton.

55.     Debt Collector has recorded more than one conversation with Mr. Carlton.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Carlton v. USI Solutions, Inc. and AACANET, Inc.*
Page **8** of 21

56.     Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Carlton, for its financial gain.

57.     Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Carlton's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

58.     The structure of Debt Collector's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Carlton, despite never having that individual's prior express consent to call their cellular telephone.

59.     Debt Collector knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. Carlton's Cellular Telephone.

60.     Debt Collector's phone calls harmed Mr. Carlton by trespassing upon and interfering with Mr. Carlton's rights and interests in his Cellular Telephone line.

61.     Debt Collector's phone calls harmed Mr. Carlton by wasting his time.

62.     Debt Collector's phone calls harmed Mr. Carlton by being a nuisance and causing him aggravation.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Carlton v. USI Solutions, Inc. and AACANET, Inc.*
Page **9** of 21

63. Debt Collector's phone calls harmed Mr. Carlton by causing a risk of personal injury to Mr. Carlton due to interruption and distraction.

64. Debt Collector's phone calls harmed Mr. Carlton by causing him stress.

65. Debt Collector's phone calls harmed Mr. Carlton by invading his privacy.

66. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c. Awarding Plaintiff costs;

d. Ordering an injunction preventing further wrongful contact by the Debt Collector; and

e. Any other and further relief as this Court deems just and equitable.

### *Count 2: Violation of the Telephone Consumer Protection Act (as against Debt Owner)*

67. Mr. Carlton re-alleges paragraphs 1-35 and incorporates the same herein by reference.

68. At all times relevant hereto, Debt Owner was vicariously or directly liable for the actions of Debt Collector.

69. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Carlton v. USI Solutions, Inc. and AACANET, Inc.*
Page **10** of 21

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

70.     Debt Collector never had Mr. Carlton's prior express to call his Cellular Telephone using an automatic telephone dialing system ("ATDS"), artificial voice, or prerecorded message.

71.     Mr. Carlton never provided Fifth Third Bank, Debt Owner, or Debt Collector with his Cellular Telephone number.

72.     Despite never having Mr. Carlton's prior express consent to call his Cellular Telephone using an ATDS, artificial voice, or prerecorded message, Debt Collector thereafter called Mr. Carlton's Cellular Telephone at least twenty (20) times.

73.     Debt Collector did not place any emergency calls to Mr. Carlton's Cellular Telephone.

74.     Defendant willfully and knowingly placed non-emergency calls to Mr. Carlton's Cellular Telephone.

75.     Mr. Carlton knew that Debt Collector called Mr. Carlton's Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the first few calls from Debt Collector on his cellular telephone before a live representative of Debt Collector came on the line.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Carlton v. USI Solutions, Inc. and AACANET, Inc.*
Page **11** of 21

76.     Mr. Carlton knew that Debt Collector called Mr. Carlton's Cellular Telephone using a prerecorded voice because Debt Collector left Mr. Carlton at least one voicemail using a prerecorded voice.

77.     Debt Collector used an ATDS when it placed at least one call to Mr. Carlton's Cellular Telephone.

78.     Under information and belief, Debt Collector used an ATDS when it placed at least ten calls to Mr. Carlton's Cellular Telephone.

79.     Under information and belief, Debt Collector used an ATDS when it placed at least twenty calls to Mr. Carlton's Cellular Telephone.

80.     Under information and belief, Debt Collector used an ATDS when it placed all calls to Mr. Carlton's Cellular Telephone.

81.     At least one call that Debt Collector placed to Mr. Carlton's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

82.     At least one call that Debt Collector placed to Mr. Carlton's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

83.     At least one call that Debt Collector placed to Mr. Carlton's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Carlton v. USI Solutions, Inc. and AACANET, Inc.*
Page **12** of 21

84.    At least one call that Debt Collector placed to Mr. Carlton's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

85.    At least one call that Debt Collector placed to Mr. Carlton's Cellular Telephone was made using a prerecorded voice.

86.    Debt Collector has recorded at least one conversation with Mr. Carlton.

87.    Debt Collector has recorded more than one conversation with Mr. Carlton.

88.    Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Carlton, for its financial gain.

89.    Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Carlton's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

90.    The structure of Debt Collector's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Carlton, despite never having that individual's prior express consent to call their cellular telephone.

91.    Debt Collector knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Carlton v. USI Solutions, Inc. and AACANET, Inc.*
Page **13** of 21

ATDS to individual's cellular telephones, like the calls that it placed to Mr. Carlton's Cellular Telephone.

92.     Debt Collector's phone calls harmed Mr. Carlton by trespassing upon and interfering with Mr. Carlton's rights and interests in his Cellular Telephone line.

93.     Debt Collector's phone calls harmed Mr. Carlton by wasting his time.

94.     Debt Collector's phone calls harmed Mr. Carlton by being a nuisance and causing him aggravation.

95.     Debt Collector's phone calls harmed Mr. Carlton by causing a risk of personal injury to Mr. Carlton due to interruption and distraction.

96.     Debt Collector's phone calls harmed Mr. Carlton by causing him stress.

97.     Debt Collector's phone calls harmed Mr. Carlton by invading his privacy.

98.     All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

a.   Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b.   Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c.   Awarding Plaintiff costs;

d.   Ordering an injunction preventing further wrongful contact by the Debt Owner, including through agents such as Debt Collector; and

e.   Any other and further relief as this Court deems just and equitable.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Carlton v. USI Solutions, Inc. and AACANET, Inc.*
Page **14** of 21

### *Count 3: Violation of the Fair Debt Collection Practices Act ("FDCPA")*
### *(as against Debt Collector)*

99.     Mr. Carlton re-alleges paragraphs 1-35 and incorporates the same herein by reference.

100.    Mr. Carlton is a "consumer" within the meaning of the FDCPA.

101.    The subject debt is a "consumer debt" within the meaning of the FDCPA.

102.    Debt Collector is a "debt collector" within the meaning of the FDCPA.

103.    Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

    a.  Debt Collector violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations in connection with the collection of the Debt by failing to disclose in the Collection Letter and in its calls to Mr. Carlton's Cellular Telephone that any payment Mr. Carlton remitted towards the Account would serve to restart the statute of limitations.

    b.  Debt Collector violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect the Debt by failing to disclose in the Collection Letter and in its calls to Mr. Carlton's Cellular Telephone that any payment Mr. Carlton remitted towards the Account would serve to restart the statute of limitations.

104.    As a result of the above violations of the FDCPA, Mr. Carlton has been subjected to illegal collection activities for which he has been damaged.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Carlton v. USI Solutions, Inc. and AACANET, Inc.*
Page **15** of 21

105.    Debt Collector's phone calls harmed Mr. Carlton by wasting his time.

106.    Debt Collector's phone calls harmed Mr. Carlton by being a nuisance and causing him aggravation.

107.    Debt Collector's phone calls harmed Mr. Carlton by causing a risk of personal injury to Mr. Carlton due to interruption and distraction.

108.    Debt Collector's phone calls harmed Mr. Carlton by causing him stress.

109.    Debt Collector's phone calls harmed Mr. Carlton by invading his privacy.

110.    All conditions precedent to this action have occurred.

111.    It has been necessary for Mr. Carlton to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

112.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a.   Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

b.   Awarding actual damages;

c.   Awarding costs and attorneys' fees; and

d.   Any other and further relief as this Court deems just and equitable.

### *Count 4: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Collector)*

113.    Mr. Carlton re-alleges paragraphs 1-35 and incorporates the same herein by reference.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Carlton v. USI Solutions, Inc. and AACANET, Inc.*
Page **16** of 21

114.    Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

a.  Debt Collector violated Fla. Stat. § 559.72(7) by telling Mr. Carlton that he was "copping out" by retaining an attorney with respect to the Debt and by laughing at Mr. Carlton when he informed Debt Collector that he was represented by counsel with respect to the Debt, which can reasonably be expected to harass Mr. Carlton.

b.  Debt Collector violated Fla. Stat. § 559.72(7) by failing to disclose in the Collection Letter and in its calls to Mr. Carlton's Cellular Telephone that any payment Mr. Carlton remitted towards the Account would serve to restart the statute of limitations, which can reasonably be expected to harass Mr. Carlton.

c.  Debt Collector violated Fla. Stat. § 559.72(9) by asserting the legal right to obtain payment on the Debt by some means other than voluntary payment when Defendant knew the applicable statute of limitations had expired but purposely failed to disclose in the Collection Letter and in its calls to Mr. Carlton's Cellular Telephone that any payment Mr. Carlton remitted towards the Account would serve to restart the statute of limitations.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Carlton v. USI Solutions, Inc. and AACANET, Inc.*
Page **17** of 21

115.    As a result of the above violations of the FCCPA, Mr. Carlton has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

116.    Debt Collector's phone calls harmed Mr. Carlton by wasting his time.

117.    Debt Collector's phone calls harmed Mr. Carlton by being a nuisance and causing him aggravation.

118.    Debt Collector's phone calls harmed Mr. Carlton by causing a risk of personal injury to Mr. Carlton due to interruption and distraction.

119.    Debt Collector's phone calls harmed Mr. Carlton by causing him stress.

120.    Debt Collector's phone calls harmed Mr. Carlton by invading his privacy.

121.    All conditions precedent to this action have occurred.

122.    It has been necessary for Mr. Carlton to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

123.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a.   Awarding statutory damages as provided by Fla. Stat. § 559.77;

b.   Awarding actual damages;

c.   Awarding punitive damages;

d.   Awarding costs and attorneys' fees;

e.   Ordering an injunction preventing further wrongful contact by the Defendant; and

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Carlton v. USI Solutions, Inc. and AACANET, Inc.*
Page **18** of 21

  f. Any other and further relief as this Court deems just and equitable.

### *Count 5: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*
### *(as against Debt Owner)*

  124. Plaintiff re-alleges paragraphs 1-35 and incorporates the same herein by reference.

  125. At all times relevant hereto, Debt Owner was directly and vicariously liable for the actions of Debt Collector.

  126. Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

  a. Debt Collector violated Fla. Stat. § 559.72(7) by telling Mr. Carlton that he was "copping out" by retaining an attorney with respect to the Debt and by laughing at Mr. Carlton when he informed Debt Collector that he was represented by counsel with respect to the Debt, which can reasonably be expected to harass Mr. Carlton.

  b. Debt Collector violated Fla. Stat. § 559.72(7) by failing to disclose in the Collection Letter and in its calls to Mr. Carlton's Cellular Telephone that any payment Mr. Carlton remitted towards the Account would serve to restart the statute of limitations, which can reasonably be expected to harass Mr. Carlton.

  c. Debt Collector violated Fla. Stat. § 559.72(9) by asserting the legal right to obtain payment on the Debt by some means

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Carlton v. USI Solutions, Inc. and AACANET, Inc.*
Page **19** of 21

other than voluntary payment when Defendant knew the applicable statute of limitations had expired but purposely failed to disclose in the Collection Letter and in its calls to Mr. Carlton's Cellular Telephone that any payment Mr. Carlton remitted towards the Account would serve to restart the statute of limitations.

127.    As a result of the above violations of the FCCPA, Mr. Carlton has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

128.    Debt Collector's phone calls harmed Mr. Carlton by wasting his time.

129.    Debt Collector's phone calls harmed Mr. Carlton by being a nuisance and causing him aggravation.

130.    Debt Collector's phone calls harmed Mr. Carlton by causing a risk of personal injury to Mr. Carlton due to interruption and distraction.

131.    Debt Collector's phone calls harmed Mr. Carlton by causing him stress.

132.    Debt Collector's phone calls harmed Mr. Carlton by invading his privacy.

133.    All conditions precedent to this action have occurred.

134.    It has been necessary for Mr. Carlton to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

      a.    Awarding statutory damages as provided by Fla. Stat. § 559.77;

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Carlton v. USI Solutions, Inc. and AACANET, Inc.*
Page **20** of 21

    b.   Awarding actual damages;

    c.   Awarding punitive damages;

    d.   Awarding costs and attorneys' fees;

    e.   Ordering an injunction preventing further wrongful contact by the Defendant; and

    f.   Any other and further relief as this Court deems just and equitable.


## DEMAND FOR JURY TRIAL

Plaintiff, John Carlton, demands a trial by jury on all issues so triable.


Respectfully submitted this **January 11, 2019**,

> */s/ Michael A. Ziegler*
> Michael A. Ziegler, Esq.
> Florida Bar No. 74864
> mike@zieglerlawoffice.com
>
> */s/ Kaelyn Steinkraus*
> Kaelyn Steinkraus, Esq.
> Florida Bar No. 125132
> kaelyn@zieglerlawoffice.com
>
> Law Office of Michael A. Ziegler, P.L.
> 2561 Nursery Road, Suite A
> Clearwater, FL 33764
> (p)  (727) 538-4188
> (f)  (727) 362-4778
> Attorneys and Trial Counsel for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Carlton v. USI Solutions, Inc. and AACANET, Inc.*
Page **21** of 21